UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Faigy Friedman, Individually and on
Behalf of All Others Similarly Situated,

                         Plaintiff,         Civil Action No.:_____

      v.                         **13 CV 2336**

Mercantile Adjustment Bureau, LLC,    <u>CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

                         Defendant(s).          **JUDGE SEIBEL**
------------------------------------------------------------------X

## INTRODUCTION

1.     This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Specifically, the FDCPA requires a debt collector to provide a consumer with accurate, written notice of the consumer's right to receive verification of the alleged debt, and that only a dispute of the debt in writing will trigger the consumer's verification rights. 15 U.S.C. § 1692g(a)(4). Defendant's debt collection letter omitted the portion of the §1692g(a)(4) notice that informs the consumer that the verification rights are triggered by a dispute of the debt. Instead, the defendant's letter tells the consumer to specifically ask for verification. This language violates the FDCPA because verification and dispute rights are distinct rights under the FDCPA. To the unsophisticated consumer, a notice stating that the consumer must request in writing that a debt collector *verify* the debt with the creditor does not necessarily mean that the debt is *disputed*. Moreover, a letter from a consumer asking merely for verification would not trigger the protections of 15 U.S.C. §§ 1692g(a)(4) and 1692g(b), as the debt collector could reasonably argue that it has not received a written "dispute" of the debt. Just as when a debt collector omits the writing requirement from its

1

§ 1692g(a)(4) notice, Defendant's failure to include language stating that the consumer must dispute the debt in writing to invoke his or her verification rights violates the FDCPA. *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003) ("Section 1692g(a) dictates that the debt collector shall send the consumer a written notice stating that upon written notification *of a dispute*, verification must be provided by the debt collector.") (emphasis added). Defendant's language sets a trap for the unsophisticated consumer – following the notice as written would not invoke the protections of the FDCPA.

## **JURISDICTION AND VENUE**

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## **PARTIES**

3. Plaintiff Faigy Friedman is an individual who resides 4 Stropkov Ct., Monroe, New York in Orange County.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Mercantile Adjustment Bureau, LLC ("MERCANTILE") is a business entity with its principal place of business located at 6390 Main Street Williamsville, New York, 14221, and, upon information and belief, is licensed to do business in the State of NY.

6. MERCANTILE is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. MERCANTILE is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. MERCANTILE is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about Sept. 14, 2012, MERCANTILE mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly originally owed to "Bank of America, N.A.". A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, Exhibit A was the first letter Plaintiff was sent by MERCANTILE regarding this alleged debt.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form, initial communication, debt collection letter used by MERCANTILE to attempt to collect alleged debts.

12. Exhibit A contains the following text:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will; obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you notify this office in within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## VIOLATIONS OF THE FDCPA

13. The text in MERCANTILE's letter to Plaintiff is inconsistent with 15 U.S.C. § 1692g(a)(4), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

3

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period *that the debt, or any portion thereof, is disputed*, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(emphasis added).

14. The language in MERCANTILE's letter purports to require the consumer to *request verification* of the debt, when the plain language of the statute requires a consumer to *dispute* the debt in order to trigger 15 U.S.C. § 1692g(a)(4).

15. MERCANTILE's misrepresentation is a material false statement because it misleads the unsophisticated consumer about the consumer's rights. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

16. 15 U.S.C. § 1692g(b) makes clear that a written dispute, and not specifically a written request for verification, triggers the statute:

> **(b) Disputed debts**
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

18. A request for verification of a debt is not the same as disputing the debt. Regardless of whether a debt is disputed, a consumer may desire to obtain verification of a debt

4

for any number of reasons, including for the consumer to determine whether or not the debt actually is disputed, or to see how much the consumer owes if the debt generally is not disputed, or merely to buy time to pay.

19. Further, if a consumer writes to Defendant, specifically requesting verification of the debt but not clearly disputing it, the Defendant would have a defense to an action brought for ignoring the requirements of 15 U.S.C. § 1692g(a)(4), on grounds that the consumer never "disputed" the debt.

20. Similar conduct to Defendant's, i.e. sending a consumer instructions that, if followed would avoid triggering 15 U.S.C. § 1692g(a)(4), has been repeatedly found to violate the FDCPA. *McCabe*, 272 F. Supp. 2d at 743 (holding that failure to include "in writing" requirement violated § 1692g(a)(4)) (emphasis added); *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011) (same); *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1170 (S.D. Cal. 2010) (same); *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09-CV-43-D, 2010 U.S. Dist. LEXIS 52010, at *18-19 (E.D.N.C. Mar. 1, 2010) (same); *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) (same); *Chan v. N. Am. Collectors, Inc.*, No. C 06-0016 JL, 2006 U.S. Dist. LEXIS 13353, at *16 (N.D. Cal. Mar. 24, 2006) (same); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003) (same); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002) (reaching the same conclusion with respect to subsections (a)(4) and (5)); *see also Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) ("The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written "dispute," while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute.")

## COUNT I – FDCPA

5

21. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

22. The language in MERCANTILE's letter is false, misleading and confusing to the unsophisticated consumer, in that the language in the letter tells the consumer to request verification of the debt, when the plain language of the statute requires a consumer to dispute the debt in order to trigger 15 U.S.C. § 1692g(a)(4).

23. MERCANTILE's misrepresentation is a material false statement. The language induces the unsophisticated consumer to fail to invoke his or her rights under 15 U.S.C. § 1692g(b).

24. Defendant has failed to comply with the debt validation notice requirements pursuant to 15 U.S.C. § 1692g(a)(4).

25. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a) and 1692g(a)(4).

## COUNT II – FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. Defendant's omission of the portion of the notice required by 15 U.S.C. § 1692g(a)(4) that requires a dispute of the debt to trigger 15 U.S.C. §§ 1692g(a)(4) and 1692g(b) is a false representation or deceptive means to collect or attempt to collect any debt.

28. The Defendant has therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of New York (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 09, 2012, (e) that was not returned by the postal service.

30. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

31. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692g(a) and 1692e.

32. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

35. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 08, 2013

By: _____
Aryeh L. Pomerantz, Esq.
Pomerantz & Pomerantz, PLLC
Attorneys at Law
Attorney for Plaintiff
3 College Rd.
Suite 102
Monsey, NY 10952
Tel. (845) 547-2600
Fax (845) 547-2601
aryeh@pom-law.com

6341 Inducon Drive East
Sanborn, NY 14132-9097



**MERCANTILE**
*Innovative Solutions, Exceptional Results*

September 14, 2012

| Number: | ████1184 |
| Number: | 15980684 |
| Amount Enclosed: $ | |

Secure online payment can be made at:
http://www.mercantilewebpymt.com   Pass Phrase: 75786

**Make Check Payable to:**

|..ll.l..l..l.l.l..ll....ll.l..ll......ll.ll....ll.ll..ll.l|

FAIGY FRIEDMAN
4 STROPKOV CT UNIT 203
MONROE NY 10950-3894



MERCANTILE ADJUSTMENT BUREAU, LLC
PO BOX 9016
WILLIAMSVILLE NY 14231-9016

---

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

September 14, 2012

FAIGY FRIEDMAN
4 STROPKOV CT UNIT 203
MONROE NY 10950-3894

**ACCOUNT NO:**    ████1184
**REFERENCE NO:**  15980684

**PREVIOUS CREDITOR:** BANK OF AMERICA, N.A.
**CURRENT CREDITOR:** MERRIMAN INVESTMENTS, LLC
**BALANCE:** $12,436.41

Your account owed to MERRIMAN INVESTMENTS, LLC has been listed with our office for collection. The entire balance of $12,436.41 is due and payable.

Send the balance due to this office. If you don't agree with this balance, it is important that you contact our office to discuss this matter.

MERCANTILE ADJUSTMENT BUREAU, LLC
1-866-716-1544

OFFICE HOURS:  MON - THURS 8 AM - 9 PM,
FRI 8 AM - 5 PM & SAT 8 AM - 12 PM EST

Please note the return address (6341 Inducon Drive East, Sanborn, NY 14132) located on the front of this notice, is not the address of MERCANTILE ADJUSTMENT BUREAU, LLC. This address is for processing undeliverable mail only. Please do not send correspondence or payments to that address. Please send payments or correspondence to MERCANTILE ADJUSTMENT BUREAU, LLC, PO BOX 9016, WILLIAMSVILLE NY 14231-9016.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you notify this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance purposes.

The account balance may periodically increase due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by law.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

New York City Department of Consumer Affairs License Number 1310227.

Exhibit A